UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF


v.                                        CIVIL ACTION NO: 3:26-CV-209-BJB
                                          *Electronically filed*


CONTENTS OF ACCOUNT
NUMBER ENDING 7586 IN THE NAME OF
TINA MARTIN HELD BY
WELLS FARGO BANK, N.A.,
CHARLOTTE, NORTH CAROLINA
($330,558.63).                                                    DEFENDANTS

**VERIFIED COMPLAINT**
**FOR FORFEITURE IN REM**

The United States of America, by counsel, Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, Amy M. Sullivan, Assistant United States Attorney, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action to forfeit and condemn to the use and benefit of the United States of America the following property:   Contents of Account Ending 7586 in the name of Tina Martin, held by Wells Fargo Bank, N.A., Charlotte, NC ($330,558.63).

**JURISDICTION AND VENUE**

2.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 18 U.S.C. §§ 981, 1343, and 1956.  This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).   Upon the filing of this complaint, the plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the defendant property was found in the Western District of Kentucky and because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT IN REM

5.      The defendant is:   Contents of Account Ending 7586 in the name of Tina Martin, held by Wells Fargo Bank, N.A., Charlotte, NC (the defendant property).   On or about March 4, 2026, Special Agent Jordan Matteo of the Federal Bureau of Investigation served a seizure warrant at the above-referenced financial institution, and on March 18, 2026, the bank turned over the contents of the account, $330,558.63.   The defendant property is currently being held by the Federal Bureau of Investigation/United States Marshals Service.

## THE LAW

6.      Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of [a federal money laundering offense, 18 U.S.C. § 1956], or any property traceable to such property" is subject to forfeiture to the United States.

7.      Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of. . . any offense constituting a 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense" are subject to forfeiture to the United States.

8.      Pursuant to 18 U.S.C. § 1343,  it is unlawful to devise or intend "to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice . . .".

9.      Pursuant to 18 U.S.C. § 1349, it is unlawful to attempt or conspire to commit violations of 18 U.S.C. § 1343.

10.     Pursuant to 18 U.S.C. § 1956(a)(1), it is unlawful to knowingly conduct or attempt to conduct financial transactions with proceeds from SUAs with specific intent to:   promote the SUA, conceal or disguise the source, origin, nature, ownership, or control of the proceeds; avoid reporting requirements or evade taxes. 18 U.S.C. § 1956(h) prohibits conspiracies to commit money laundering.

11.     Pursuant to 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1)(B), wire fraud (18 U.S.C. § 1343) is a specified unlawful activity.

12.     Pursuant to 18 U.S.C. § 984, the United States can seize and forfeit identical property found in the same place where the "guilty" property had been kept.   Under this section, the monies seized need not have been the particular monies traced to the crimes alleged, so long as the criminal funds were on deposit in that same account within one year of the seizure.   Thus, Section 984 makes the property seized subject to forfeiture to the extent that monies traced to crime were located in the account in the year preceding the seizure.   Accordingly, pursuant to 18 U.S.C. § 984, the monies seized from this bank are subject to forfeiture.

## SUMMARY OF RELEVANT FACTS

13.    The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of Special Agent Jordan Matteo of the Federal Bureau of Investigation, which is attached hereto as Attachment A, and incorporated in its entirety herein by reference.

## CLAIM FOR RELIEF

14.    The defendant property represents proceeds of a specified unlawful activity, wire fraud and conspiracy to commit wire fraud, and property involved in and traceable to money laundering in violation of 18 U.S.C. §§ 1343 and 1349 and 18 U.S.C. § 1956. Consequently, the defendant property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C) and 984.

WHEREFORE, the plaintiff respectfully requests:

a.    that the Clerk issue a warrant for the arrest and seizure of the defendant property;

b.    that notice of this action be given to all persons known or thought to have an interest in or right against the property;

c.    that the defendant property be forfeited and condemned to the United States of America;

d.    that the plaintiff be awarded its costs and disbursements in this action; and

e.    for such other and further relief as this court deems proper and just.

Respectfully submitted,

KYLE G. BUMGARNER
United States Attorney


s/*Amy M. Sullivan*
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
amy.sullivan@usdoj.gov
(502) 582-5911


## **VERIFICATION**

I, Jordan Matteo, am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

JORDAN MATTEO

Digitally signed by JORDAN MATTEO
Date: 2026.03.24 11:35:07 -04'00'

JORDAN MATTEO, Special Agent
Federal Bureau of Investigation

5