**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A FORFEITURE COMPLAINT**

I, Jordan Matteo, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.    I make this affidavit in support of a complaint for forfeiture of the Contents of Account ending 7586 ($330,558.63), in the name of Tina Martin, which was funded by account ending 9638 in the name of Tina Martin/Prime Profits LLC.  I have probable cause to believe that these funds are traceable to violations of 18 USC § 1343, Wire Fraud, and 18 USC § 1956, Money Laundering.  Consequently, the funds are subject to seizure and forfeiture to the United States pursuant to 18 USC § 981(a)(1)(A) and (C).

2.    I am a Special Agent with the Federal Bureau of Investigation; I joined the FBI in September 2021.  I have been assigned to the Louisville Field Office, Financial Crime Squad since February 28, 2022.  In this capacity, I am responsible for investigating possible violations of federal criminal law, including 18 U.S.C. § 1341 (Mail Fraud) and 18 U.S.C. § 1343 (Wire Fraud).  I received approximately 21 weeks of training at the FBI Academy in Quantico, Virginia.  During that training, I learned how criminal enterprises are structured and how they operate.  I have formal and informal training and experience in financial crime and money laundering investigations; I have become familiar with the manner in which money, including cryptocurrency, is obtained through fraudulent pretenses and transferred thereafter.

3.    The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  I have set forth only those facts that I believe are

necessary to establish probable cause to believe that violations of Title 18 USC § 1343 (Wire Fraud) and 18 USC § 1956, Money Laundering, and conspiracy to commit these violations occurred and the funds received in these violations were placed into a bank account controlled by Wells Fargo Bank.

4.      This affidavit will show there is probable cause to believe that Tina Martin, residing in Oregon, with the assistance of other unidentified individuals, did knowingly and with intent violate the federal wire fraud (18 USC § 1343) and/or money laundering (18 USC § 1956) statutes, and conspired to violate these statutes.  This affidavit will show that Martin received a wire transfer of $436,300 into her corporate financial account, and that these funds represent fraud proceeds, originating from a decedent's estate in Kentucky. This affidavit will also show that Martin withdrew those funds in the form of cashiers' checks, cash withdrawals, and payments to third parties.

5.      This affidavit is being made in support of a complaint for forfeiture of the contents of account ending 7586 in the name of Tina Martin held by Wells Fargo Bank. Pursuant to a seizure warrant, the Contents of Account ending 7586 ($330,558.63) were seized on March 18, 2026.

## PROBABLE CAUSE

6.      V.A., a resident of Louisville, Kentucky, was married to R.A., at the time of his death on May 29, 2023.  P. G. was named the Administratrix of the estate of R.A.

7.      On or around February 13, 2026, the parties to the probate matter reached a settlement agreement pursuant to which V.A. would receive $436,300.00 via wire transfer to her (V.A.'s) personal bank account from the Estate of R.A.  V.A. was represented by a law firm, located in Prospect, KY, which is located in Jefferson County, Kentucky.

Attachment A-2

8.      V.A. verbally communicated to the law firm that the $436,300.00 should be wired to her account.  The law firm recorded the bank account information in a handwritten note.  On February 13, 2026, the law firm provided the account information for V.A. via email to the Estate of R.A Administratrix.

9.      On February 13, 2026, V.A. informed the law firm via email, using her email address (known but omitted), that her account was restricted and could not receive the wire transfer.  On February 16, 2026, in the same email chain referenced above, someone posing as V.A. using another email address (a spoof of her email address containing an extra letter) emailed the law firm with wire instructions to pay Wells Fargo Bank account x9638.  The law firm provided the Wells Fargo Bank account x9638 information to the Administratrix.

   a.  Based on information on the email header from spoofed email address, the email receive delay was approximately 24 seconds.  The SoftFail protection from Outlook discouraged the use of IP address 52.0.31.31 as permitted sender.  In my training and experience, a legitimate email takes milliseconds (ms) to send.  Emails that take several seconds to send and discourage the sender's IP address have an indication of email intrusion or the use of a Virtual Private Network ("VPN").  The use of a VPN disguises the true sender of an email through the use of one or more private servers.  While the use of a VPN is not illegal, it is a tool for hackers to use to further remove their identity from criminal activity.

10.     On February 18, 2026, a wire transfer was executed for $436,300.00 from the Estate of R.A. account at Forcht Bank, account x4483, located in the Western District of Kentucky, to Wells Fargo Bank account x9638, located outside of Kentucky.

Attachment A-3

11.     On February 19, 2026, V.A. informed the law firm that the wire transfer should be sent to another bank account.  The law firm informed V.A. that the funds were sent to the Wells Fargo Bank account identified in the spoofed email.  V.A. denied any association with a Wells Fargo Bank account.  Upon review, the law firm discovered the wire instructions were sent by a spoofed email address, which did not belong to V.A.

12.     Wells Fargo Bank informed the FBI that account x9638 had a balance of $0.00. Wells Fargo Bank identified the target account, x7586, which had received funds from account x9638.  Tina Martin was identified as the account owner.  On February 23, 2026, account x7586 had an account balance of $330,558.63.  Wells Fargo Bank froze account x7586 due to suspicious activity, which included the withdrawal of approximately $100,000 in cashier's checks, ATM cash withdrawals, and P2P transfers.

13.     Wells Fargo Bank confirmed account x7586 was frozen with funds transferred from account x9638, and advised the following flow of funds occurred:

a.  Account x9638 is in the name of Prime Profits LLC, owner Tina Martin, utilizing the same identifying information (address, email, phone number, SSN, and date of birth) as account x7586.  Prior to the wire transfer specified above, account x9638 had a balance of $8.65.

b.  On February 18, 2026, the same day of the $436,300.00 wire transfer, an online transfer for $220,000 and $100,000 was made to account x7586.  Account x7586 is in the name of Tina Martin and Tina Martin is the sole owner of the account. Prior to these wire transfers, account x7586 had a balance of $93.80.

c.  On February 18, 2026, a cashier's check for $100,000 was written from account x7586 payable to C. M.

Attachment A-4

d. On February 19, 2026, an online transfer for $116,283.65 was made from account x9638 to account x7586.

e. On February 20, 2026, a direct deposit of $867.30 was made to account x7586.

f. On March 2, 2026, account x7586 was confirmed to be frozen with approximately $330,558.63 in the account.

14. On March 4, 2026, your affiant served a seizure warrant for the Contents of Account Ending 7586, and on March 18, 2026, Wells Fargo turned over $330,558.63.

15. A review of account x7586 also revealed numerous purchases were made in the Oregon area, such as retail stores, an animal hospital, and a home goods store. There is reason to believe that the account owner, Tina Martin, resides in the Oregon area.

### CONCLUSION

16. Based on the above information, there is probable cause to believe that violations of Title 18 USC §§ 1343 (Wire Fraud) and 1349 (conspiracy), and 18 USC §§ 1956 (Money Laundering) and 1956(h) (conspiracy) have occurred and that the Contents of Wells Fargo Bank account ending 7586 ($330,558.63) contain criminal proceeds directly and indirectly traceable to these violations and were involved in these violations. Consequently, it is subject to forfeiture pursuant to 18 USC § 981(a)(1)(A) and (C).

17. While the evidence shows at least $436,300 in criminal proceeds has been specifically traced to the bank account, 18 U.S.C. § 984 provides that the United States can seize and forfeit funds deposited in an account in a financial institution where the criminal proceeds have been replaced by identical property. The United States may institute such actions within one year of the offense date. Based upon the information contained in this affidavit, there is probable and reasonable cause to believe that the contents of the bank account listed above

Attachment A-5

contain proceeds involved in and traceable to violations of 18 USC §§ 1343 and 1349, and 18

USC §§ 1956 and 1956(h).

/s/ *Jordan Matteo*
Jordan Matteo, Special Agent
Federal Bureau of Investigation

Attachment A-6